IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VANESSA A. FISHER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 1:04CV297 |
| v. | § | |
| | § | |
| SISTERS OF CHARITY OF THE | § | JUDGE RON CLARK |
| INCARNATE WORD, a/k/a AND d/b/a | § | |
| CHRISTUS ST. MARY'S HOSPITAL, | § | |
| | § | |
| *Defendant.* | | |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Before the court is Plaintiff's Motion for New Trial [Doc. # 102]. The court finds the jury verdict is supported by the evidence. The EEOC complaint against an employee who resigned was properly excluded. There was no basis to submit to the jury a question regarding punitive damages. Accordingly, Plaintiff's motion for a new trial is DENIED.

## Background

Plaintiff worked for Christus St. Mary's Hospital (Christus) for approximately sixteen years. In August 2001, Plaintiff wrote a letter complaining about the behavior of her supervisor, Mr. Cooksey. There was an investigation by Defendant Christus of Mr. Cooksey. Following the investigation, Plaintiff was informed both that her supervisor was fired and that her current position was being eliminated due to re-organization. Plaintiff continued to work as a staff member at the hospital.

When the Respiratory Therapy Supervisor position became available, Plaintiff applied.

1

According to her, she was told by Mr. Firestone, an employee of Defendant Christus on the hiring committee, that only a man would be hired for that position.  Along with Mr. Firestone, two other female employees made up the hiring committee for the position.  When the position was filled by a man, Plaintiff filed a letter of complaint with the EEOC and the EEOC issued a right to sue letter.

Although not at her former position, Plaintiff continued to work for Christus after these events.  However, starting in April 2004, Plaintiff was reprimanded by Defendant for leaving her computer unattended and for not complying with Defendant's privacy policy regarding patient's information.  She was ultimately suspended from her job.  Following the suspension, Plaintiff filed a claim with the Texas Commission on Human Rights alleging retaliation for her EEOC claim.

On May 12, 2004, she filed suit in this court.  The case proceeded to a jury trial and at the end of the three day trial, the jury was asked: (1) whether Defendant failed to promote Plaintiff to the position of Respiratory Therapy Supervisor because of her gender; (2) whether Defendant demoted Plaintiff in 2001 because she reported Mr. Cooksey's actions; (3) whether she was not promoted because she reported Mr. Cooksey; and (4) whether Defendant disciplined or suspended Plaintiff in 2004 because she reported Mr. Cooksey, filed a complaint with the EEOC, or because she filed this law suit.  The jury returned a verdict in favor of Defendant on every issue, determining that Plaintiff failed to prove gender discrimination or retaliation by a preponderance of the evidence.  Plaintiff now asks for a new trial.

## Law and Analysis

There are no precise grounds for granting a new trial, except "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Courts have granted new trials where the verdict is against the great weight of the evidence, the damages are excessive, the trial was unfair, or prejudicial error was committed. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). In this case, Plaintiff moves for a new trial on three grounds: (1) the jury verdict was supported by legally and/or factually inadequate evidence (2) the court erred or abused its discretion in excluding evidence of EEOC charges and complaints asserted by other individuals against Defendant, and (3) the court erred or abused its discretion in refusing to submit to the jury a question regarding punitive and/or additional damages.

### Verdict is not against the great weight of the evidence

"A motion for new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838-39 (5th Cir. 2004). The court must not substitute its opinion for the collective wisdom of the jury. *Smith*, 773 F.2d at 613. Here, since the jury found Plaintiff did not carry her burden at trial, Plaintiff must now prove that the verdict is against the great weight of the evidence. *See Dresser-Rand Co.*, 361 F.3d at 838-39. Defendant is not required to show that the evidence supports the verdict.

Plaintiff makes a general one sentence allegation that the jury verdict cannot be supported by the evidence. Plaintiff does not provide any specifics of how or why the verdict is against the

3

great weight of the evidence.  Her mere conclusory allegations do not overcome the extremely high burden placed on her.  *See Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 498 (5th Cir. 2002).

A review of the evidence further reveals that Plaintiff could not show the verdict is against the great weight of the evidence.  The jury could reasonably conclude from the evidence that the decision not to promote Plaintiff was not based upon her gender, despite Plaintiff's allegations.  Since Plaintiff's evidence of discriminatory intent was her uncorroborated testimony concerning a statement allegedly made by Mr. Firestone, the jury could have concluded she was not credible.  The jury could also have attributed more weight to Defendant's witnesses that claimed no one heard Mr. Firestone ever say only a man would get the promotion.

Additionally, the evidence supports a conclusion that Defendant's decision to demote Plaintiff could reasonably have been because of a re-organization, and, not because of either her gender or her reporting Mr. Cooksey.  Finally, there is evidence to support a finding that Plaintiff's discipline in 2004 (the suspension, possible hour cut backs) was unrelated to the filing of this lawsuit, the letter to the EEOC or because she reported her supervisor.  Defendant presented evidence that Plaintiff did not fully comply with Defendant's privacy measures.  This evidence gave a non-discriminatory reason for the discipline of Defendant, and the jury could reasonably believe this evidence.

The court is not to substitute its opinion for  that of the jury in a case where there is sufficient evidence to support the verdict.  Plaintiff has not shown that the verdict was against the great weight of the evidence.  Plaintiff's motion for a new trial on the grounds of insufficient evidence must be denied.

**Evidence of other unrelated EEOC charges**

To succeed in challenging an evidentiary ruling, a Plaintiff must establish first that a ruling was an erroneous one, and second that the ruling affected a substantial right of the complaining party.  *See* Fed. R. Evid. 103(a); *Polythane Systems v. Marina Ventures Intern.*, 993 F.2d 1201, 1208 (5th Cir. 1993).  Here, Plaintiff has not made a showing of either prong of the analysis.  Plaintiff only makes a very general statement that two rulings were incorrect, providing no authority or argument on either point.[1]

In regard to the court's exclusion of a 1999 EEOC charge and complaint asserted by another individual against Mr. Cooksey, the court explained its ruling on the record at the Pre-Trial Conference.  The court asked how evidence of the complaint would be relevant in this law suit other than as an impermissible showing of bad character under Fed. R. Evid. 404(b).  In response, Plaintiff argued that such evidence was relevant to show Defendant's past knowledge of bad behavior by an employee.  However, Plaintiff's suit alleging discrimination is not based on any actions taken by Mr. Cooksey, and he stepped down in 2001.  Defendant may have had knowledge in the 1999 case of Mr. Cooksey's actions, but that does not show any knowledge of bad behavior on the part of Defendant in this case.  Any possible probative value of Defendant's knowledge that a previous employee may have discriminated by gender would be substantially outweighed by the danger of confusing the jury with an unrelated complaint against a former

---

[1]Plaintiff's first evidentiary challenge is that the court improperly excluded "evidence of EEOC charges and complaints asserted by other individuals against Defendant for alleged gender discrimination and retaliation."  Pl. Mot. For New Trial.  However, the only exclusion of an EEOC charge by "other individuals" is the ruling the court made on a single 1999 complaint. The court made the exclusion ruling during the Pre-Trial Conference, and the court will treat Plaintiff's first challenge as attacking this ruling.

employee.  Fed. R. Evid. 403.

The court also notes that Plaintiff's attorney admitted on the record that evidence of the 1999 complaint was only a small issue.  There is no showing that this small issue affected a substantial right of Plaintiff.  The court concludes that she cannot establish under either prong of the test that she should be granted a new trial on this issue.

Additionally, Plaintiff challenges as improper the court's Order denying the admissibility of evidence of Ms. Alice Baker's lawsuit alleging gender discrimination against Defendant [Doc. # 66].  The Order fully explains the reasoning for the ruling.    Plaintiff presents no argument or new evidence on this point.

Since Ms. Baker was the CEO of the hospital, and Plaintiff was a mid-level supervisor, they were not similarly situated.  Even the decision makers in the two cases were not the same. The limited probative value of evidence that other decision makers at a different level of hiring have been accused of discrimination is substantially outweighed by the confusion of the issues or misleading the jury.  Fed R. Evid. 403.  Plaintiff's motion cannot be granted on this ground.


**Refusal to submit question on punitive damages to the jury**

Punitive damages are improper "[w]here an employer has undertaken such good faith efforts at Title VII compliance."  *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 544 (1999). Moreover, "such liability may not be imputed [to the employer] if the agent's actions are contrary to the employer's good faith effort to comply with Title VII."  *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 653 (2002).

Here, Plaintiff requested a punitive damages jury instruction and question based on

Defendant Christus' actions.  As explained on the record, Defendant Christus undertook good faith efforts to comply with Title VII. They had an extensive policy regarding gender discrimination.  They provided the workers with a written copy of the policy.   There was an anonymous hotline to report any discrimination. There was training given to the employees on the issue of discrimination. Moreover, in the past Defendant undertook an investigation and action taken when Plaintiff reported discrimination by Mr. Cooksey.  Any action of gender discrimination by an employee would be contrary to Defendant Christus' good faith effort to comply with Title VII.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial **[Doc. #102]** is **DENIED**.

So **ORDERED** and **SIGNED** this **6**   day of **October, 2005.**

_____

Ron Clark, United States District Judge