IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VANESSA A. FISHER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:04CV297 |
| v. | § | |
| | § | |
| SISTERS OF CHARITY OF THE | § | JUDGE RON CLARK |
| INCARNATE WORD, a/k/a AND d/b/a | § | |
| CHRISTUS ST. MARY'S HOSPITAL, | § | |
| | § | |
| *Defendant*. | | |

### ORDER re: DEFENDANT'S BILL OF COSTS

Before the court is Defendant's Motion to Clarify Costs in the Judgment and Proposed Bill of Costs [Doc. #104] and Defendant's Reply and Proposed Amended Bill of Costs [Doc. # 106]. Objections were filed to the original proposed bill of costs and to the amended bill of costs. Defendant is the prevailing party according to Fed. R. Civ. P. 54(d) and the court finds the following costs reasonable.[1]

**A. Depositions** = **$5,717.19**

Costs associated with depositions come under § 1920(2) and § 1920(4). *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see U.S. v. Kolesar*, 313 F.2d 835, 836-37 (5th Cir. 1963). The deposition must, at the time it was taken, be expected to be used for trial preparation, rather than merely for discovery. *Fogleman*, 920 F.2d 278, 285. The same applies to a deposition copy, so long as the copy is not obtained for the mere convenience of counsel. *Id.*

---

[1] For a detailed procedural and factual history, see the Court's Order Denying Plaintiff's Motion for New Trial [Doc. # 107].

The cost of depositions received into evidence is taxable. *In re Nissan Antitrust Litiation*, 577 F.2d 910, 918 (5th Cir. 1978). If the deposition is not received into evidence, but is reasonably necessary to prepare a defense, the court may include it as a taxable cost. *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

Defendant called two witness by deposition, Dr. Mohammed A. Islam and Dr. Curtis Wills. Plaintiff called three witnesses by deposition, Donna Melton, Cathy Knott, and Tina Bradel, and one by video deposition, Charles Foster. Defendant asserts that the written depositions of Dr. Nir Binur, Dr. Stephanie P. Cunningham, Dr. Tighe Huber, Dr. Mohammed Dawood Vadva, Walgreen Co. Pharmacy, and Gulf Coast Cardiology Group were reasonably expected to be used for trial and not discovery because Plaintiff claimed to have suffered various physical and mental ailments arising from Defendant's actions. In light of Plaintiff's claims against Defendant, at the time they were taken, the court finds that these depositions were reasonably expected to be used at trial.

Defendant has made no showing of why the written deposition of Walson, Inc. was reasonably necessary to prepare a defense. It was not introduced into evidence and Defendant's motion gives no reason for this deposition. The court finds that this deposition was taken merely for discovery.

Defendant is awarded the taxable cost for the depositions it noticed. Costs are not awarded for the ASCII charges. Further, costs of depositions charged at rush delivery prices will be reduced by one half, to reflect their normal cost, as Defendant has provided no reason for requesting "rush delivery." The court finds that the depositions listed below were reasonable and necessary for use at trial.

1. Charles Foster =             $757.79
2. Vanessa Fisher[2] =          $641.34
3. Alice Baker =                $304.54
4. Cathy Knott=                 $422.67
5. Dr. Mohammed A. Islam[3]=$593.76
6. Dr. Curtis Wills[4] =        $783.97
7. Greg Firestone =             $384.25
8. Tina Bradel =                $252.30
9. Donna Melton =               $326.82
10. Walgreen, Co. =             $192.70
11. Dr. Nir Binur =             $227.40
12. Gulf Coast Cardiology =     $339.79
13. Dr. Tighe Huber =           $158.96
14. Dr. Mohammed Vadva = **$200.40**
15. Dr. Stephanie Cunningham= **$130.50**
**Total:**                      **$5,717.19**

**B. Videotape Depositions = $0.00**

Videotaped depositions are not allowed as taxable costs in the Fifth Circuit. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998). Defendant acknowledges that this is the law in the Fifth Circuit in its reply and the amended bill of costs. Accordingly, Defendant's request for costs for videotaped portions are denied.

**C. Copy Costs = $132.30**

From what can be determined from the fee request, Defendant copied 945 pages for this

---

[2]The record reflects that her deposition was taken on two different days. The second deposition was put on rush delivery. The amount listed is the aggregate amount of the taxable costs after decreasing the rush delivery price by one half.

[3]This includes the cost of both the written and oral depositions of Dr. Islam.

[4]This includes the cost of both the written and oral depositions of Dr. Wills.

litigation at $.14 a page. Under 28 U.S.C. § 1920(4) the issue is whether or not the copies were necessarily obtained for use in this case. The prevailing party does not need to specifically identify every xerox copy, but does need to make some demonstration that the copies were necessarily obtained for this case. *Fogleman*, 920 F.2d at 286. Here, Defendant states that it is seeking the costs from copying trial exhibits, and discovery items. The court finds the copies were reasonably necessary for its defense and the fee reasonable. The total is therefore **$132.30**.

**D. Expert Fees = $0.00**

Defendant submitted a receipt detailing the expert fees of Dr. Edward Gripon in the amount of $3,375.50.[5] "Ordinarily, recovery of expert witness fees is limited to the statutory amounts in 28 U.S.C. § 1821 and 1920." *Louisiana Power and Light Co. v. Kellstrom,* 50 F.3d 319, 322 (5th Cir. 1995). Defendant does not argue any independent grounds for the why expert fees should be allowed, and so under the general rule Defendant's expert fees are not allowed. The court notes that Defendant is entitled to the normal expenses for a witness for this expert because he testified. The rates awarded are in accordance with 28 U.S.C. § 1821, which is discussed below.

**E. Summons/Subpoena Fees and Witness Fees = $446.70**

Plaintiff does not dispute that Defendant is entitled to **$ 230** for the fees for service of summons and subpoenas, and the court finds this sum reasonable. Plaintiff also concedes that

---

[5]It is unclear if Defendant is actually requesting this amount from the court. Defendant submitted the receipt containing the expert's fees, but did not actually include the amount in the bill of costs. The court will treat Defendant as asking for this amount in this case.

the witness fees asked for are reasonable. 28 U.S.C. § 1821 allows for $40.00 per day of trial testimony plus reasonable travel and lodging. Here, the court finds that the number of witnesses subpoenaed was not unduly excessive and the witness travel requests reasonable, and so the court will award the witness fees asked for by Defendant. *See U.S. v. Lynd*, 334 F.2d 13, 16-17 (5th Cir. 1964).

1. Paul Landry =      $64.30
2. Nancy Davis =      $56.20
3. Linda Brown =      $56.20
4. Edward Gripon =    $40.00
Sub Total      =      $216.70
Summons/Subpoena = $ 230
**Total:**            **$446.70**

## Conclusion

The total amount of Defendant's Bill of Costs and Amended Bill of Costs that this court finds reasonable and in accordance with 28 U.S.C. § § 1821, 1920 is **$6,296.19**.

IT IS THEREFORE ORDERED that Defendant's Motion to Clarify Costs **[Doc. # 106]** is **GRANTED IN PART** and Plaintiff shall pay Defendant a total sum of **$6,296.19**.

So **ORDERED** and **SIGNED** this **8** day of **November, 2005.**

_____
Ron Clark, United States District Judge